UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY L. WILLIAMS-BEY, *Pro Se*, ) | Case No.: 1: 20 CV 828 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| ANTOINETTE CHAMBERS SMITH, ) | |
| *et al.,* ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Anthony L. Williams-Bey is an Ohio prisoner incarcerated in the Lake Erie Correctional Institution (LECI). He has filed a "Complaint and Request for Injunction" pursuant to 42 U.S.C. § 1983 on behalf of himself and 114 other Ohio prisoners against four Defendants. (Doc. No. 1.)[1]

In his Complaint, the Plaintiff alleges that the Defendants "are responsible for the safety, protection, welfare, and release of the Class Action Plaintiff(s)" and that the COVID-19 pandemic, which "[s]tarted in Ohio on March 9, 2020," subjects "all incarcerated people," including prisoners at LECI, to a "heightened risk of contracting COVID-19 due to tight living quarters where social distancing is impractical and impossible without reducing the prison population." (*Id*. at 4, ¶ III. A; 5, ¶ III.C.) Contending that incarceration generally during the pandemic amounts to cruel and

---

[1]The Plaintiff sues: Ohio Department of Rehabilitation and Correction Director Antoinette Chambers Smith; Ohio Attorney General David Yost; the Ohio Adult Parole Authority, and Ohio Governor Mike DeWine.

unusual punishment in violation of the Eighth Amendment, the Plaintiff seeks immediate release of all "those Offenders [who have] served [the] mandatory minimum of their sentence through the Ohio Adult Parole Authority home detention program." (*Id*. at 5, ¶V.) In addition, he requests that "immediate medical attention" be administered by an outside hospital "[s]hould the herein plaintiff(s) be infected with Coronovirus," and that "the families of the deceased" be compensated "[s]hould the herein Plaintiff[s] health result in death." (*Id*.)

### Standard of Review

Although *pro se* pleadings are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required to review any complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A).

### Discussion

Upon review, the court finds the Plaintiff's Complaint must be dismissed pursuant to § 1915A.

First, "a *pro se* litigant may represent himself on his own claims, but [he] may not act in a

representative capacity," or represent a class of inmates in class action litigation. *Garrison v. Michigan Dept. of Corrections*, 333 F. App'x 914, 919 (6th Cir. 2009). Therefore, to the extent the Plaintiff purports to represent a class or any one other than himself, his Complaint must be dismissed.

Second, even to the extent the Plaintiff purports to represent his own interests, the Court finds that his Complaint is insufficient to allege a plausible civil rights claim upon which he may be granted relief. It is well-established that relief in a civil rights action is not available where a prisoner seeks immediate or speedier release from his incarceration. In such a situation, a prisoner's sole federal remedy is a petition for writ of *habeas corpus* which requires the prisoner to exhaust his state remedies as a precondition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, to the extent the Plaintiff seeks an immediate or speedier release from his incarceration in this case, his sole federal remedy is a petition for a writ of *habeas corpus* and he is not entitled to any relief by way of a civil rights action under § 1983.

Further, even to the extent the Plaintiff may seek relief that may be available through a civil rights lawsuit, his Complaint is insufficient to state any plausible federal civil rights claim.

Prisoner conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order for a prisoner to show that conditions of his confinement constitute cruel and unusual punishment, he must demonstrate both objective and subjective components. He must show that he was subjected to an objectively serious prison condition as to which a defendant prison official, subjectively, acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A "prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious

harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

While the court understands the Plaintiff's legitimate concern — shared by society in general — over minimizing exposure to the novel coronavirus and the serious health risks it presents, his purely generalized allegations (that prisoners are subjected to a heightened risk of contracting the coronavirus by virtue of the living conditions generally attendant to incarceration) are insufficient to support a constitutional deliberate indifference claim against any Defendant in this case. His general allegations do not support a plausible inference that any Defendant consciously disregarded a risk, general or specific, related to the coronavirus pandemic, or that they failed to take reasonable measures to abate the risk presented by the virus in the prison context at LECI, or provide proper medical care to inmates that may become infected. The Plaintiff's generalized COVID-19 fears, while understandable, are insufficient to support a plausible, constitutional claim upon which he may be granted relief.

Further, the Plaintiff has not alleged facts in his Complaint attributing any specific conduct to any of the various Defendants. His Complaint is subject to dismissal for this reason as well. Where individuals are merely named as defendants in a civil rights action without supporting specific allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002)

(affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Additionally, liability cannot be imposed on supervisory officials under § 1983 solely on the basis of *respondeat superior* or the right to control employees. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).

Finally, the Plaintiff's request for temporary and preliminary injunctive relief is denied. Such relief is committed to the sound discretion of the district court and is based on the court's consideration of (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). As discussed above, the Court finds that the Plaintiff's Complaint does not present a plausible claim upon which he may be granted relief; therefore, the court does not find temporary or preliminary injunctive relief warranted.

## Conclusion

For all of the foregoing reasons, the Plaintiff's Complaint and Request for Injunction is dismissed pursuant to 28 U.S.C. § 1915A. In light of this ruling, the Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is denied as moot. The court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

April 23, 2020